IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| LEONARD G. HOROWITZ,<br><br>　　Appellant,<br><br>　vs.<br><br>PAUL J. SULLA, Jr., et al.,<br><br>　　Appellees. | CV. NO. 17-00197 DKW-RLP<br><br>Bankr. No. 16-00239<br><br>**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS** |

　　On April 21, 2017, Appellant Leonard G. Horowitz, proceeding pro se, filed in United States Bankruptcy Court, District of Hawaii: (1) a Notice of Appeal And Statement Of Election, and (2) an Application To Proceed In District Court Without Prepaying Fees Or Costs, seeking to proceed *in forma pauperis* on appeal ("IFP Application").[1]  Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates he or she is unable to pay.  *See* 28 U.S.C. § 1915(a)(1).  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."  *Escobedo v. Applebees*,

---

[1] The Notice of Appeal and IFP Application were transmitted to this district court on May 2, 2017, and the instant civil action was opened on May 3, 2017.  Dkt. No. 1.  The IFP Application is properly before the district court, rather than the bankruptcy court.  *See In re Perronton*, 958 F.2d 889, 896 (9th Cir. 1992) (bankruptcy court lacks authority to waive fees under Section 1915(a)).

787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty.") (internal quotation omitted).

When reviewing an application filed pursuant to Section 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins*, 335 U.S. at 339, the applicant must nonetheless show that he or she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

Here, the IFP Application indicates that although Horowitz is not employed and/or has earned no income in wages during the past twelve months, he has received $1500 per month in "royalties from books," and owns a vehicle worth $500. Horowitz lists debts in the amount of $150,000 in legal fees and $245,000 from a "past business contract." He pays $700 per month for rent and has no dependents. Based upon the IFP Application, Horowitz's income is above the poverty threshold identified by the Department of Health and Human Services ("HHS") 2017 Poverty Guidelines. *See* 2017 HHS Poverty Guidelines, available at

2

https://www.federalregister.gov/documents/2017/01/31/2017-02076/annual-update-of-the-hhs-poverty-guidelines (indicating that the poverty threshold for a one-person household in Hawaii is $13,860).

Although Horowitz has debts and other expenses, as demonstrated by the IFP Application and bankruptcy filing, the Court's independent review of all the financial information in the record demonstrates that he fails to qualify for IFP status under Section 1915(a).[2] The Court acknowledges that Horowitz's stated debts and expenses consume much of his monthly income from book royalties. Nevertheless, his IFP Application does not establish that he cannot both pay the costs of litigating this case "and still be able to provide himself . . . with the necessities of life." *See Adkins*, 335 U.S. at 339 (internal quotation marks omitted). Accordingly, the Court finds that Horowitz has not made the required showing under Section 1915 to proceed without prepayment of fees, and DENIES his IFP Application.

---

[2]The Court takes judicial notice of filings in the underlying Chapter 13 Bankruptcy. *See* Fed.R.Evid. 201(b); *In re Keahey*, 414 F. App'x 919, 923 (9th Cir. 2011). Horowitz, in both March and August of 2016, filed bankruptcy schedules and statements listing substantial assets in bankruptcy court that were *not* identified on the IFP Application, such as two limited liability companies (with his 50% interests valued at $60,000 and $17,000 respectively), domains and trademarks, accounts receivable, artwork, jewelry, and musical instruments worth thousands of dollars. *See* Bankr. No. 16-00239, Dkt. Nos. 4, 7, 114, and 115. Several of these same assets were likewise absent from a previous IFP Application filed by Horowitz that was denied by the district court on June 14, 2016. *See Horowitz v. Sulla*, 2016 WL 3264249, at *2 (D. Haw. June 14, 2016) ("Appellants previously disclosed substantial assets in bankruptcy court that were not identified on the IFP Application.").

If Horowitz wishes to proceed with this appeal, he must remit the appropriate filing fee by **June 14, 2017**. Failure to do so will result in the automatic dismissal of this action.

IT IS SO ORDERED.

DATED: May 4, 2017 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*Horowitz v. Sulla*; CV 17-00197 DKW-RLP; **ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS**